**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BEVERLY M. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 26-1548 (UNA) |
| | ) | |
| | ) | |
| U.S. FEDERAL BUREAU OF | ) | |
| INVESTIGATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on its initial review of Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1).  The Court will grant the application and dismiss the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009).  Consequently, the Court is obligated to dismiss a complaint as frivolous when, as here, "the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*,

1

504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981).

Plaintiff recites a tale of woe beginning, at least with respect to alleged physical harm, in February 2009 with the "implant of the tracking device" in her leg, Compl. (ECF No. 1) at 4, followed in 2014 with "additional devices illegally implanted in [her left] eye [and right] ear," *id*., such that "[t]he FBI has taken full control of [p]laintiff's life," *id*. According to plaintiff, the device implanted in her left eye is "a torture coil attached to a Capacitor, lethal device capable of killing [her] instantly with electrical stimulation." Compl., Ex. (ECF No. 1-2) at 11 (page numbers designated by CM/ECF). The Capacitor also "provides FBI the ability to see any and everything [plaintiff] see[s]." *Id*. Similarly, the device FBI implanted in her right ear permits the "FBI to hear everything [plaintiff] hear[s]." *Id*. And the devices themselves "belong to the Dep[artment] of Defense, Specifically the US Army who is funding the testing of these devices for wartime use." *Id*. at 12 (emphasis removed). She alleges that the FBI follows her and blocks her efforts to have the devices removed surgically. *See id*. ¶¶ 13-14.

Having considered the allegations mentioned above, as well as those in the remainder of this lengthy complaint, the Court deems these allegations irrational and incredible, rendering the complaint frivolous. And the Court cannot exercise jurisdiction of a frivolous complaint. An Order will be issued separately.

DATE: May 18, 2026

/s/
CHRISTOPHER R. COOPER
United States District Judge

2